UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CHARLES HARRISON, ) | |
| ) | CASE NO. _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| BEC GROUP, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

Plaintiff, CHARLES HARRISON ("Plaintiff"), by and through the undersigned attorneys, brings this Complaint against Defendants, BEC GROUP, INC., ("Defendant BEC Group" or "BEC Group"), states as follows:

## INTRODUCTION

1. This is an action brought by Plaintiff against Defendant BEC Group to recover for Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and breach of contract.

2. Defendant BEC Group is a Georgia-based corporation. BEC Group owns multiple Zaxby's restaurants throughout Georgia, Kansas, and South Carolina. Zaxby's restaurant advertises itself as a chicken-centered restaurant which is "all about flavor."[1] Zaxby's mission is to "[c]onsistently create encore experiences that enrich lives, one person at a time."[2] Zaxby's claims that its employees are the business's "most important asset."[3]

3. Defendant employed Plaintiff as an hourly non-tipped employee at an agreed-to

---

[1] *About*, Zaxby's, https://www.zaxbys.com/about/.
[2] *Responsibility*, Zaxby's, https://www.zaxbys.com/about/responsibility/.
[3] *Id.*

1

hourly rate to work full-time first in the role of Cook, and later in the role of Assistant Manager. At all times during his employment with Defendant Plaintiff was scheduled to work forty (40) to fifty-five (55) hours per week.

4. At all relevant times, Plaintiff's relationship with Defendant was governed by an oral contractual agreement that he would be paid at an agreed-to hourly rate of $7.50/hour to $15.58/hour for each hour worked. Notwithstanding this agreement, Defendant knowingly refused to pay Plaintiff for the hours that he worked. As a result, Defendant breached its promise to pay Plaintiff at the agreed-to rate during the time he worked for Defendant.

5. During Plaintiff's employment as an hourly employee, Plaintiff performed significant "off-the-clock" work at the request of Defendant. This work included, but was not limited to: (1) performing tasks generally delegated to hourly restaurant employees; (2) performing managerial tasks delegated to the restaurant's Assistant Manager and General Manager; (3) running errands offsite for Defendant; (4) completing restaurant paperwork and other productive work as part of Plaintiff's unpaid months-long "General Manager Training"; and (5) commuting significant distances to Defendant's various Zaxby's restaurants for the purposes for providing short-term assistance.

6. The FLSA requires employees to be paid for all hours worked, and further requires employers to pay employees overtime at a rate of no less than "one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1).

7. Additionally, the FLSA requires that "[a] daily or weekly record of all hours worked, including time spent in pre-shift and post-shift job-related activities must be kept." 29 U.S.C. § 211(c).

8. Defendant failed to compensate Plaintiff for his significant "off-the-clock" shift

work, errand work, training work, and commuting time in violation of the FLSA. Plaintiff was not compensated at either his regular or overtime rate for any of the hours spent performing compensable work "off-the-clock" for Defendant. Plaintiff estimates he worked **over 1,500 unpaid hours** during his employment with Defendant.

9. Furthermore, Defendant failed to keep records of the time Plaintiff's actual working hours in violation of the FLSA.

10. Defendant knew or could have easily determined Plaintiff was not being paid for his General Manager training work, and further, that Plaintiff was not being paid for his time nor reimbursed for expenses incurred while running errands for Defendant. Defendant could have properly compensated Plaintiff for his training time and errand time, but did not.

11. Plaintiff's off-the-clock work was performed in addition to Plaintiff's regularly scheduled forty (40) to fifty-five (55) hour work week. Thus, Plaintiff is owed compensation at his overtime rate of one and one-half times his standard rate of pay for all "off-the-clock" hours worked.

12. Plaintiff brings this action under the FLSA and for breach of contract to recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which he may be entitled.

## JURISDICTION AND VENUE

13. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et seq*.

14. Upon information and belief, Defendants' annual sales exceed $500,000 and they have more than two employees, so the FLSA applies in this case on an enterprise basis.

Defendants' employees engage in interstate commerce, and therefore, they are also covered by the FLSA on an individual basis.

15. This Court has personal jurisdiction over Defendant BEC Group because it is headquartered within the State of Georgia, does business within the State of Georgia, and is registered with the Georgia Secretary of State.

16. Additionally, this Court has supplemental jurisdiction over Plaintiff's common law breach of contract claim pursuant to 28 U.S.C. § 1367.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant employs personnel in this District, and a substantial portion of the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

1. Plaintiff, CHARLES HARRISON, resides in the County of Newton, City of Covington, Georgia. Plaintiff was employed by Defendant at an hourly rate of $7.50/hour to $15.58/hour, first as a cook, and later as an Assistant Manager of the Monroe, GA Zaxby's. Plaintiff was employed by Defendant from approximately December 2013 to August 2, 2018. Plaintiff's Consent to Sue is attached hereto as Exhibit A.

2. Defendant BEC GROUP, INC. is incorporated and registered to do business in the state of Georgia. Defendant Bec Group owns several Zaxby's franchise restaurants located in Georgia, Kansas, and South Carolina. Zaxby's advertises itself as a casual restaurant specializing in chicken. Defendant BEC Group can be served through its registered agent, Stephen P. Dailey, located at 5900 Sandy Creek Road, Madison, GA, 30650.

## GENERAL ALLEGATIONS

### A.     *Plaintiff's Employment with Defendant*

3.     In December of 2013 Defendant BEC Group hired Plaintiff as an hourly Cook to work at Defendant's Covington, GA Zaxby's restaurant. In approximately April of 2015 Plaintiff was promoted to the position of Assistant Manager. After Plaintiff's promotion his compensation remained at an hourly rate until March 2018, when Plaintiff became a salaried employee.

4.     Plaintiff's original hourly rate was $7.50 per hour. Plaintiff's rate of pay was increased several times by Defendant to $15.58 per hour, and then decreased, without reason, to $14.00 per hour.

5.     Plaintiff's primary job duties as a Cook included, but were not limited to, preparing food for Zaxby's customers, monitoring food product levels, and general restaurant duties. Plaintiff's primary job duties as an Assistant Manager included, but were not limited to, accepting truck deliveries of food product and other goods, completing paperwork delegated to the Assistant Manager, and coordinating employees and tasks in the restaurant's back-of-house. Plaintiff did not have authority to hire or fire Zaxby's employees.

6.     At the time of Plaintiff's hiring, and throughout the course of his employment, Plaintiff was regularly scheduled to work forty (40) to fifty-five (55) hours per week.

7.     Shortly after Plaintiff was hired in December of 2013, Defendant began requiring Plaintiff work before and/or after his shifts on an "off-the-clock" basis. This "off-the-clock" work included, but was not limited to, performing tasks typically assigned to hourly line employees. Defendant also required Plaintiff to "run errands" for Defendant before, during, or after his paid shifts by driving offsite to nearby grocery stores to obtain food product for Defendant.

8.     Plaintiff was promoted to Assistant Manager in April of 2015 but remained an

hourly employee. On or around the time Plaintiff was promoted, Plaintiff was given more "off-the-clock" duties and subsequently increased the amount of time he spent working for Defendant on an "off-the-clock" basis.

9. On or around February of 2017, Defendant provided Plaintiff the opportunity to train as a Zaxby's General Manager and Plaintiff accepted. As part of Plaintiff's General Manager "training" Defendant required Plaintiff to complete paperwork and perform other duties required of the General Manager on an uncompensated basis. See Affidavit of Omar Liverman, attached as Exhibit B. The training work completed by Plaintiff was compensable productive work as defined by the FLSA. *See* 29 CFR 785.27(d).

10. Throughout the course of his employment with Defendant, Plaintiff estimates he worked at least **1,500 hours** for Defendant completing line employee and managerial duties for which he was never compensated. See Exhibit C. Additionally, Plaintiff was never compensated for travel expenses he incurred while running errands for Defendant, or while performing line employee, Assistant Manager, and General Manager duties, as well as running errands for Defendant, on an "off-the-clock," non-compensated basis. All of Plaintiff's "off-the-clock" hours were in addition to his standard forty (40) to fifty-five (55) hour workweeks.

11. In addition to his hours of unpaid work, throughout Plaintiff's employment Defendant requested Plaintiff travel to Defendant's Zaxby's locations throughout Georgia to assist the restaurants on an as-needed basis. Based on information and belief, Plaintiff's travel to these restaurants was part of the "Management Assist Program," or "MAP." See Administrative Notice 14-12, attached as Exhibit D. The company promised team members participating in the MAP $25.00 per day for travel expenses (see Exhibit D). Plaintiff, however, never received travel compensation.

12. Plaintiff's travel to Defendant's Zaxby's restaurants was outside of his "normal commuting area" and as such, he si owed compensation for his travel time and expenses under the FLSA. *See* 29 U.S.C. § 254(a).

13. On or around August 2018, Defendant terminated Plaintiff from his job as Assistant Manager. Plaintiff was never promoted to the position of General Manager.

14. The FLSA provides that an employer must reimburse an employee when the employee "incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer." 29 CFR 778.217(a). Compensation cannot be included in the employee's regular rate. *Id*.

15. The FLSA also provides:

> No employer shall employ any of his employees . . .for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29 U.S.C. § 207(a)(1).

18. Thus, Plaintiff was required to be compensated at the FLSA overtime rate of one and one-half times Plaintiff's standard rate of pay for all time Plaintiff spent working and/or commuting "off-the-clock" for Defendant.

**B.   *Employee Records***

62. 29 U.S.C. § 211(c) subjects "every employer subject to any provision of [the Fair Labor Standards Act]" to maintain employee records.

63. The employer is mandated to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek. 29 U.S.C. § 211(c).

19. Defendant failed to maintain and preserve accurate timesheet and payroll records

as required by 29 U.S.C. § 211(c).

64. When the employer fails to keep accurate records of the hours worked by its employees, the Supreme Court's guidance in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

65. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id.*

C.  ***Willfulness***

16. Defendant knew or should have known that, under the FLSA, Plaintiff was required to be paid for all compensable time worked during the workweek.

17. Defendant knew or should have known that, under the FLSA, Plaintiff should have been paid overtime "at a rate not less than one and one-half times the regular rate" at which he was employed for all compensable time for workweeks in excess of forty (40) hours. 29 U.S.C. § 207(a)(1).

18. Despite this, Defendant failed to pay Plaintiff his earned wages, and failed to pay

Plaintiff overtime at one and one-half times the regular rate for all time worked in excess of forty (40) hours each workweek.

19. In reckless disregard of the FLSA, Defendant adopted and then adhered to its policy and plan of employing Plaintiff to perform work without compensation. This policy resulted in Plaintiff not being paid for all time worked and for all of his overtime wages in violation of the FLSA.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES

20. Plaintiff re-alleges and incorporates all previous paragraphs herein.

21. At all times relevant to this action, Defendant BEC Group was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.

22. Defendant BEC Group is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

23. At all times relevant to this action, Plaintiff was an "employee" of Defendant BEC Group within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

24. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

25. The position of Assistant Manager of Zaxby's is not exempt from the FLSA.

26. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the FLSA, 29 U.S.C. § 203(g).

27. The FLSA requires an employer to pay employees the federally-mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of

forty (40) hours per workweek. 29 U.S.C. § 207.

29. Defendant violated the FLSA by failing to pay Plaintiff for time spent working for Defendant, as well as failing to pay Plaintiff the federally-mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

29. Upon information and belief, Defendant has corporate policies and practices of evading overtime pay for their hourly workers.

30. Defendant's violations of the FLSA were knowing and willful.

31. By failing to compensate Plaintiff a rate not less than one and one-half times his regular rate of pay for off-the-clock work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

32. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## COUNT II
## BREACH OF CONTRACT

33. In the alternative, and at all relevant times hereto Plaintiff's relationship with Defendant was contractual.

34. Specifically, the terms of the contract were as follows:

   a. Offer: Defendant agreed to pay Plaintiff at an agreed-to rate of $7.50 to $15.58 for each hour Plaintiff worked.

   b. Acceptance: Plaintiff accepted the offer and, in fact, performed work for Defendant which Defendant refused to compensate him for pursuant to the terms of the agreement between Plaintiff and Defendant.

10

   c. Consideration: Defendant received the benefit of its bargain in the form of Plaintiff's continued employment and performance of work of Defendant's behalf by Plaintiff.

   d. Breach: By failing to pay Plaintiff pursuant to the terms of the agreement for the hours he worked, Defendant breached its contract with Plaintiff.

35. As a direct and proximate result of Defendant's breach, Plaintiff suffered economic loss at an amount to be proved at trial.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

a. An Order declaring that Defendant violated their obligations under the FLSA;

b. An Order declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

c. An Order that Defendant breached its contract with Plaintiff by failing to pay him at the agreed-to hourly rate at an amount to be proven at trial;

d. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid off-the-clock overtime wages calculated at the rate of one and one-half (1.5) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of the prescribed number of hours per week for the past three years;

e. Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid wages found owing to Plaintiff and awarding Plaintiff all other available compensatory damages available by law;

f. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

    g.     Awarding pre- and post-judgment interest to Plaintiff on these damages; and

    h.     Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated: October 4, 2018

/s/ *Cale Conley*
Cale Conley (GA Bar. No. 181080)
**CONLEY GRIGGS PARTIN, LLP**
4200 Northside Parkway NW
Building One, Suite 300
Atlanta, GA 30327
Telephone: (404) 467-1155
Fax: (404) 467-1166
cale@conleygriggs.com

Timothy J. Becker (MN Bar. No. 256663)
Jennell K. Shannon (MN Bar No. 0398672)
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, Minnesota
Telephone: (612) 436-1800
Fax: (612) 436-1801
tbecker@johnsonbecker.com
jshannon@johnsonbecker.com

*Counsel for Plaintiffs*